Thank you. Our next case is Wu v. Department of Veterans Administration. Mr. Stolz? Thank you, Your Honor, and may it please the Court. The Veterans Court misinterpreted 38 CFR Section 4.7. The Veterans Court, as well as the Secretary in this case, has read an express limitation into Section 4.7 where none exists. There is nothing in the regulation that requires all criteria to be satisfied. The focus of the regulation is whether the overall disability picture more nearly approximates the criteria for the next higher disability rating, in this case, for the veteran's diabetes. The Secretary erroneously urges this Court to preclude consideration of all of a veteran's disability residuals, even though Section 4.7 requires consideration of a veteran's overall disability picture. This is legally incorrect. The Veterans Court… These ratings build on each other? How can you say that you jumped from 1 to 3 when you don't satisfy 2? In this case, Your Honor, I believe that Mr. Wu would more nearly approximate the in-between, the 40 percent. He's getting 20, he meets a lot of the 60, and so he would more nearly approximate the 40. I think that the best illustration from a reading of 4.7 would be a scale, where you have 20, 40, 60 in this particular case, and he clearly meets the 20. So what starts tipping the scale more towards the 40 is you start putting different symptoms or different disabilities from which he suffers that are caused by the diabetes on the other side of the scale. That's assuming that we're talking about a sliding scale. This is a cumulative rating scale, isn't it? Yes, and absent… If 4.7 had never been promulgated by the Secretary, I would agree that absolutely he would have to meet each and every step of the way, because there's an and. I understand that they're successive, and I understand what the Veterans Court said in the Camacho case. However, 4.7 exists, and if 4.7 exists, as well as the overall scheme, as we noted in our briefing, 4.1, 4.10, 4.15, if 4.7 exists, it should be given some consideration. It should be given consideration to see what the overall disability picture is, because the point of the rating schedule is to compensate Veterans for what it costs them at work. And in this case, he has so many symptoms that are not contemplated in the 20% and are contemplated in the 60% and the 40%, it would be more just to award this particular veteran the 40. Veterans nearly approximate the higher rating when he has all these symptoms of the lower, but not the higher. He has some of the symptoms of the higher. One. He's only pointed us to one. And again, as Judge O'Malley has pointed out, the regulation we're dealing with here, 79.13, says to get level one, you have one requirement, one condition, and one requirement. To get to level two, you have an additional requirement. Level three is an additional requirement. Once you miss one of those levels, you're out of the game, aren't you? I would say that if you miss one of those levels, I don't think that because 4.7 exists, I don't think you are out of the game. I think if 4.7 had never existed, or 4.1 or 4.10 or 4.15 or any of those, if they had never existed, I would agree with Your Honor wholeheartedly. But you see, 4.7 says when there's a question of which two evaluations shall be applied, there's no question here, is there? Because you haven't met the criteria of the higher rating. I would say, Your Honor, I understand. You're trying to generate a question, but lawyer argument doesn't present us a question. We have to have a genuine legal problem, don't we? I would submit, Your Honor, that the genuine legal question in this case is how to justly compensate a U.S. veteran for his disability. That's the question presented. And under the countless GC opinions and under the schema of the entire regulatory scheme, it's a judgment call. It's a judgment call for a rater. It's a judgment call for a rating specialist. It's a judgment call for the board. It's a judgment call all the way along. The legal question presented is what is this person's, what is this veteran's disability picture? And in this case, he requires insulin. He has a restricted diet. He has had hypoglycemic reactions in the past, which is part of the 60%. I don't know necessarily how strong that is. But he also has the complications for which he would, that are not separately, that are not consensual, that are not separate. The client's problem, though, is that he didn't have a restriction in his mobility. And that's how it would have gotten him a higher rating. And he didn't have that. That would have gotten him the higher rating. If the finer fact had found that he had regulation activities, absolutely we wouldn't be here. So then we're left with the situation of looking at an agency's interpretation of its own rules. And how are we to deal with that issue here? I would have a two-part answer to that question, if I may. I would say, first of all, the plain is regulation. The Secretary wrote 4.7. And it allows for judgment in these types of cases when you've got somebody who here has hypertension. But wouldn't it be more logical to apply 4.7 at the margins? In other words, if it's unclear whether you really fall into one category versus the next highest, then that's where the judgment call comes in. But the notion that you would somehow take a category that's way up the chain and then merge them all, that's what you're proposing is a very mushy approach to this. I would, again, point to the plain language that the Department of Veterans Affairs is supposed to be looking at the entire disability picture. And obviously it's not for this court to decide, but does Mr. Wu's disability picture, does what his day-to-day life is, is he adequately compensated at the 20% considering that he meets things that are up two steps higher than what he would be seeking? Clearly, he believes he meets the 40%. It seems to me that he was compensated for that. But to move up to the next level, he needed to demonstrate a restriction in his movements and his mobility. And your client exercises, he travels, he can fulfill the responsibilities of his job as a real estate agent. There's nothing in the record that I saw that would disturb the finding below about restrictions in movement. By the way, he was in the military in 1971. His diagnosis of diabetes is in 1997. That's a vast difference. What was the basis for the service connection? I don't know right off hand what the basis for the service connection was, but in order to be awarded service connection... It was Agent Orange. Agent Orange, I'm sorry. It didn't come immediately to mind. It was Agent Orange, and obviously to be awarded service connection, the finer of fact had to find that it was, you know, there was an incident in service, in this case it was Agent Orange. There was a nexus and he had a current disability. So I apologize for not immediately recalling that, but thank you, Your Honor. I'm sorry, Judge Maynard, I believe you had a question and I lost track of it. No, I think you've answered it. You got the answer, okay. Again, I believe and Mr. Wu believes that the sliding scale approach should be used in this case because 4.7 does exist. And yes, he does not, or the finer of fact found that he does not have regulation of activities. But the fact of the matter is he does suffer from this non-compensable condition that is part of the 60% rating. And we would not advocate at this point in time that Mr. Wu be awarded the 40% or the 60%. That's something to be argued below. But it does not make sense that 4.7 applies to a whole host of diagnostic codes, which the lower court, the Veterans Court, has acknowledged, but does not apply to 7913, does not apply to this diagnostic code. If 4.7 exists and 4.7's language is pretty clear, then it has to, there has to be more reasoning for it not to apply in this case other than the court just arbitrarily drawing a line. I would say that it's a legal question and 4.7 should be given its full consideration for all of the diagnostic codes for which it. Well, if you don't meet a particular criterion, there's simply not a question as to whether that evaluation arises, right? You have to meet, when it says you must meet the following one, two, three, or four requirements, if you don't meet one or two of them, there's not a question, is there? Your Honor, I would submit that there is still a question. That's why 4.7 exists. How do you submit that? You know what the law means when it says it requires four things and you only have three, do you fit that meaning of you must have four? If this were not in this particular instance, if this were not in a veteran's case in which 4.7 and 4.10 and even 5107B existed, where you're supposed to evaluate an entire picture, if those things did not exist and the law was perfectly clear that it was an and and all of these criteria were successive, I would absolutely agree and that is from and the government has cited some cases on that point, that there are other areas of law in which absolutely I wouldn't want to get up here and go against plain language, but the fact of the matter is in this case there is room for discretion and that room for discretion should be able to be applied both at the veteran's court level and at the board level. If we're into applying discretion though, that isn't done here, right? That's done down there. That would be done absolutely, Your Honor. And they didn't find that it was necessary to do. And that's the finding of law that brings me here today, that they will not even allow for 4.7 to be considered in diabetes cases. 4.7 can be considered in a whole host of other cases, but not diabetes cases. Okay. Thank you, Your Honor. Mr. Sweet. Thank you, Your Honor. May it please the Court. My brother here just indicated that the purpose of these diagnostic codes is to compensate the veteran for the cost to work. In this case, Mr. Wu himself stated to a VA medical examiner that his diabetes did not impair his ability to work. The veteran's court and the board, based in part on that statement, concluded that there is simply no evidence entitling him to a disability rating greater than 20%. Well, what about the argument that, I mean, how can you just say 4.7 doesn't apply to a diabetes rating and it applies to everything else? I mean, there's nothing in 4.7 that limits its application. I mean, even if it didn't work the way your opponent would contend, the notion that it just doesn't apply at all, it doesn't seem to make sense. Your Honor, when you attempt to apply 4.7 to a case such as this where the veteran does not require regulation of activity, which is the distinguishing criteria, 4.7 simply cannot be applied in that case. 4.7 has two steps that must be met in order for it to apply. First, there has to be a question as to which disability rating applies. In this case, the 20% rating clearly applies because it requires insulin and a restricted diet, but a higher disability rating does not apply. But your argument and the findings below are a lot broader than that. They just say 4.7 never applies with respect to the diabetes rating scale. But the cases that it's, well, the veteran's court held that there was no evidence supporting a rating greater than 20%. Then in response to Mr. Wu's argument that a veteran's case, Tatum, allowed for a higher rating, it held that that case actually held otherwise, that when you don't meet that regulation of activity requirement, then you can't apply it. And I think the veteran's court made that clear in its language. It said, quote, Section 4.7 isn't applicable to Mr. Wu's claim. And that Section 4.7 is not applicable to the application of Diagnostic Code 7913. So it's dealing specifically with the application to the situation here where you don't meet that regulation of activity criteria. So you're saying we should read that holding more narrowly than it appears on its face? You're saying application in this particular case as opposed to any application of that Diagnostic Code? Well, I would argue both. I think that it doesn't apply. I can't think of any situation with Diagnostic Code 7913 where 4.7 would apply. But the veteran's court here is dealing with this specific case where he doesn't satisfy that regulation of activity criteria. And that's the criteria that the Board found was the primary characteristic in this case. And indeed, that's a factual finding that this court cannot revisit. But that's correct. That is really the central distinction between the 20% rating and the higher rating. How do you address the fact that disabilities, especially something like diabetes, have a lot of different symptoms and that sometimes it's impossible to pigeonhole them into just little categories? Absolutely, Your Honor. And I believe that's why the regulations provide in Section 4.21 and 3.321B for extraordinary circumstances that you can depart from the schedule. However, in this case, the Board made an explicit finding that there's nothing extraordinary about Mr. Wu's case. And Mr. Wu hasn't pointed to anything outside of the Diagnostic Code that is extraordinary or unusual about his case. Indeed, the two extraordinary circumstances that are identified by 3.321B are market interference with employment and frequent periods of hospitalization. The Board found that Mr. Wu's diabetes did not interfere with his employment or require hospitalization. Again, this court does not have jurisdiction to review that factual finding, but it was correct. Mr. Wu himself admitted to the VA examiner that he did not require hospitalization and that his diabetes did not interfere with his ability to work. At the end of the day, Mr. Wu has now stated that he's not sure whether he's seeking a 40% or a 60% disability rating, but his brief is clear. He says that because he meets all the criteria for the 20% rating and some of the criteria for the 60% rating, that the fact finder was required to, in essence, split the difference and award a 40% rating. 4.7 does not allow that. 4.7 is very clear. It says that where there's a question as to which of two disability ratings applies. Then the fact finder has two options. It can either apply the higher rating under Mr. Wu's theory, the 60% rating, or the lower rating, the 20% rating. It does not say that you can award a third rating of some intermediate next highest rating. There's simply no basis for splitting the difference here. If your honors have no questions, then we respectfully request that this court dismiss this case for lack of jurisdiction or, in the alternative, affirm the decision of the Veterans Court. Thank you. Thank you, Mr. Sweet and Mr. Stolz. You have your entire rebuttal time. Thank you, your honor. I'll be very brief. The legal question presented in this case is whether the Veterans Court can read in a requirement in 4.7 that is simply not there. There's nothing in the plain language of the regulation that requires them to say or that would even encourage someone to say that 4.7 does not apply to 7913, but it can apply to other cases. That is the simple question before this court, and I would ask the court also to the point that my opponent was trying to make about 3.321. That would be for extra schedule or consideration. That's a completely different inquiry than the inquiry that would be triggered by 4.7 by the Veterans Court and by the Board of Veterans' Appeals below. And 4.7 is plain on its face. It should apply to this diagnostic code. It should be applied by the Veterans Court and the Board of Veterans' Appeals in determining the overall disability picture from which Mr. Wu suffers. If there are no further questions, thank you very much, your honors. Thank you.